**MCDONNELL CROWLEY, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>JAMES E. KLAUSMAN and LINDA A. KLAUSMAN,<br><br>Debtors. | Case No. 17-24541 (MBK)<br><br>Honorable Michael B. Kaplan<br><br>Chapter 7 |

**CHAPTER 7 TRUSTEE'S VERIFIED OBJECTION**
**TO DEBTORS' EXEMPTIONS AND SCHEDULES**

TO:   THE HONORABLE MICHAEL B. KAPLAN,
      UNITED STATES BANKRUPTCY JUDGE:

John M. McDonnell, the chapter 7 trustee (the "Trustee") for the estates of James E. Klausman and Linda A. Klausman, the chapter 7 debtors (the "Debtors"), by and through his counsel McDonnell Crowley, LLC, hereby submits this verified objection (the "Objection"), to the Debtors' claimed exemptions, pursuant to sections 105 and 522 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 4003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Based upon information and belief, and in support of the Objection, the Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105 and 522 of the Bankruptcy Code and Bankruptcy Rule 4003

## PRELIMINARY STATEMENT

3. The Debtors here claim certain improper exemptions. Specifically, the Debtors appear to have improperly claimed certain real property as exempt under section 522(d)(1) of the Bankruptcy Code, or the homestead exemption. The Debtors seek to improperly use section 522(d)(3) of the Bankruptcy Code, used to exempt personal property such as furniture, to exempt real property. The Debtors also appear to have claimed more than statutorily allowed under section 522 (d)(5) of the Bankruptcy Code.

4. The Trustee and the Debtors are currently in the process of formalizing a proposed settlement that would resolve this Objection and the disposition of certain interests in real and personal property. However, any resolution would not be approved by this Court until after the deadline to timely object to the Debtors' exemptions. As such, the Trustee files this Objection to preserve the estates' rights pending an approval of a settlement between the Debtors and the Trustee.

## BACKGROUND

**Procedural Background**

5. On July 18, 2017, the Debtors filed their voluntary petition (the "Petition") for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. *See* Docket No. 1.

6. On July 19, 2017, John M. McDonnell was appointed as the chapter 7 trustee for the Debtors' estates, has duly qualified, and is acting in that capacity. *See* Docket No. 4.

7. The Debtors' 341(a) Meeting of Creditors (the "341 Meeting") was held on August 18, 2017. *See* Docket generally.

**The Debtors' Disputed Exemptions**

**The Improper Homestead Exemptions Under Section 522(d)(1)**

8. On the Petition, the Debtors list their primary residence as 45 Alwat Street, Woodbridge, New Jersey 07095 (the "Woodbridge Property"). The Debtors also list an ownership interest in the Woodbridge Property on the original Schedule "A/B." *See* Docket No. 1.

9. No other real property is disclosed on the Debtors' original Schedule "A/B." *See* Docket No. 1.

10. On August 13, 2017, just days before the 341 Meeting, the Debtors filed their Amended Schedules "A/B" and finally disclosed their ownership interest in certain real property located at 9 B Columbus Blvd., Manchester, New Jersey 08759 (the "Manchester Property"). *See* Docket No. 12.

11. On August 13, 2017, the Debtors' also filed their Amended Schedule "C" to the Petition – where they seek to claim some very interesting and inappropriate exemptions. *See* Docket No. 13.

12. The Debtors claim an improper exemptions, pursuant to section 522(d)(1) of the Bankruptcy Code. On Schedule "C" of the Petition, the Debtors seek to claim the Manchester Property as exempt, pursuant to section 522(d)(1) of the Bankruptcy Code, in the amount of $47, 350 (the "Improper Homestead Exemptions"). *See* Docket No. 13.

13. Under questioning by the Trustee, at the 341 Meeting, the Debtors admitted the following:

- The Debtors admitted, under oath, that the Manchester Property is not their primary residence.

- The Debtors both provided the Woodbridge Property as the address where they reside and no one lives at the Manchester Property.

- The Debtors have each resided at the Woodbridge Property for at least six (6) years.

- The Debtors purchased the Manchester Property, in the form of a cooperative interest, about four (4) years ago for about $40,000 and there is no apparent amounts owed as to the Manchester Property.

14. Based upon the testimony of the Debtors, the Improper Homestead Exemptions should be fully disallowed, as the Debtors admittedly reside at the Woodbridge Property, and not the Manchester Property.

**The Improper Exemption under Section 522(d)(3)**

15. On Amended Schedule "C" of the Petition, the Debtors also improperly claim as exempt $1,350 in the Manchester Property, pursuant to section 522(d)(3) of the Bankruptcy Code (the "Improper Section 522(d)(3) Exemption"). *See* Docket No. 1.

16. As noted below, section 522(d)(3) of the Bankruptcy Code is meant to exempt personal property, such as furniture, and not real property interest such as the Manchester Property. Indeed, the Debtors further use section 522(d)(3) of the Bankruptcy Code to exempt additional personal property, such as furniture and appliances in their Amended Schedule "C." *See* Docket No. 13.

4

**The Potential Excessive Wildcard Exemptions Under Section 522(d)(5)**

17. On Amended Schedule "C" of the Petition, the Debtor seeks to claim the following as exempt, pursuant to section 522(d)(5) of the Bankruptcy Code: $1,300 in the Manchester Property and $1,200 in "Disability" (collectively defined herein as the "Potential Improper 522(d)(5) Exemptions"). *See* Docket No. 13.

18. It is unclear from the Amended Schedules which Debtor holds the ownership interest in the Disability, and the $1,300 taken as to the Manchester Property is slightly higher than the allowed amounts.

## RELIEF REQUESTED AND BASIS THEREFORE[1]

19. The Trustee hereby objects to the exemptions claimed by the Debtors in accordance with Bankruptcy Rule 4003 and sections 105 and 522 of the Bankruptcy Code, and requests that this Court disallow the Improper Homestead Exemptions and the Improper Section 522(d)(3) Exemption and reduce the Debtors' exemptions to an amount not to exceed the respective statutory amounts allowed under section 522 of the Bankruptcy Code.

20. Bankruptcy Rule 4003(b)(1) provides in relevant part that:

> . . . a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.

*See* Fed. R. Bankr. P. 4003(b)(1). Here, the Objection is timely filed within the time period set forth by the Bankruptcy Rules.

---

[1] The Trustee hereby expressly reserves the right to file a subsequent motion objecting to the Debtors' exemptions, discharge, and/or amend/supplement this Objection.

**I.     This Court Should Deny the Improper Homestead Exemptions under section 522(d)(1) of the Bankruptcy Code, because the items listed as exempt are not the Debtors Primary Residence**

21.    The Improper Homestead Exemptions should be denied, as the property sought to be exempt, the Manchester Property, does not qualify as the Debtors' residence.

22.    By the Debtors' own admission they do not reside at the Manchester Property.

23.    Section 522(d)(1) of the Bankruptcy Code provides in pertinent part: "[t]he following property may be exempted under subsection (b)(2) of this section: (1) The debtor's aggregate interest, not to exceed $23,675 in value, in real property or personal property that the debtor or a dependent of the debtor ***uses as a residence***." *See* 11 U.S.C. § 522(d)(1).

24.    In this case, on Amended Schedule "C" of the Debtors' Petition, the Debtors claim the Manchester Property as exempt, which they do not use as a residence.

25.    Courts have often applied a practical analysis to define the term residence for the purposes of section 522(d)(1) of the Bankruptcy Code, which generally limits the scope of what property a debtor can claim as a residence. A debtor can establish property as his/her residence and homestead for purposes of an exemption "if he physically occupies the property for a significant period of time as his principal home." *In re Marisco*, 2002 WL 31572686 at *2 (Bankr. D.N.H. 2002); *In re Lusiak*, 247 B.R. 699, 702 (N.D. Ohio 2000) (The term 'residence,' however, is not actually defined by the Bankruptcy Code, although at a minimum, the term denotes occupancy of the premises by the debtor as a principal place of dwelling.").

26.    Recently, a court in this District concluded that in order to be a residence there must be some element of permanence. *See In re Stoner*, 487 B.R. 410, 417 (Bankr. D.N.J. 2013)(Kaplan J.) ("[A] residence is ordinarily a 'fixed and permanent abode, as distinguished from a place of temporary occupation.' . . . . [to] 'reside' means to dwell permanently or

continuously. Thus, by its very definition, the term 'residence' incorporates some measure of permanence.") (quoting 2 *Colliers on Bankruptcy* ¶ 109.02[2], at 109.13 (16th ed. 2010); *Webster's Third New International Dictionary* at 1931). The court in *Stoner* was addressing the issue of whether a debtor, who acquired an interest in his property through inheritance, after staying there for a year to care for his father, was entitled to the section 522(d)(1) exemption. The court in *Stoner* stated:

> [S]ection 522(d)(1) is rooted in state law and is based upon the underlying premise that a debtor be afforded an exemption in his home. It is therefore consistent with the legislative history of § 522(d)(1) that this Court likens the term "residence" in § 522(d)(1) to a "home" or "homestead" and interprets the definition of the term "residence" within § 522(d)(1) as requiring more than mere occasional or temporary occupancy.

*In re Stoner*, 487 B.R. 410, 420 (Bankr.D.N.J. 2013).

27. Accordingly, the court in *Stoner* then looked to state law to determine what ahomestead was, noting that property interests in bankruptcy are determined by state law. *Id.* at 420 (citing *Butner v. United States,* 440 U.S. 48, 55 (1979)).

28. However, since New Jersey does not provide for a homestead exemption, a court should look to neighboring states' laws for guidance, as the court did in *Stoner*. *See Id.* at 420–21. Therefore, looking outside of New Jersey, in *In re Tomko*, 87 B.R. 372 (Bankr. E.D. Pa. 1988), the issue was whether the debtors could claim an exemption, pursuant to section 522(d)(1) of the Bankruptcy Code, on a vacation home. In denying the exemption claim, the court noted the general purpose of the homestead exemption is to protect property that is used as a home from attachment or execution; and that the debtor's limited occupancy of the vacation home did not constitute a homestead.

29. In *Stoner*, the court also looked at other areas of New Jersey state law that defined a residence or homestead for guidance. *In re Stoner*, 487 B.R. at 422. The court focused on how

7

homestead was defined in the application of New Jersey's real property tax laws. *Id.* at 422 (citing *Rubin v. Glaser*, 166 N.J. Super. 258, 263, 399 A.2d 984, 987 (App. Div. 1979) *aff'd*, 83 N.J. 299, 416 A.2d 382 (1980)).  In *Rubin*, the New Jersey Appellate Division held that a couple was not entitled to a property tax homestead exemption in real property because they only occupied the property during summers and on some weekends during the remainder of the year.

30. In following *Rubin*, the court in *Stoner* noted that:  "New Jersey courts take a substantially narrow view of a 'homestead,' requiring the real estate to also serve as a principal residence."  *In re Stoner*, 487 B.R. at 443 (citing *Rubin v. Glaser,* 399 A.2d at 987).

31. Ultimately in *Stoner*, the court determined that the property the debtor inherited did not constitute his primary residence because he only stayed there to take care of his ailing father and never amended his petition to include this property as his residence. In reaching this decision the court held: "this Court reads the term 'residence' in a manner requiring some measure of permanence. This approach is consistent with the New Jersey state law's interpretation of the term 'homestead,' equating it to a principal residence."  *Id.* at 422.

32. In light of the courts approach in *Stoner* and New Jersey Law, and viewing the circumstances of the case at bar, the Debtors do not reside in the property, the Manchester Property, they listed as exempt under section 522(d)(1) of the Bankruptcy Code, nor can the property used as a homestead.

33. Therefore, under the definition of a residence, which has been applied in this District and under New Jersey law, this Court should disallow all the Improper Homestead Exemptions as claimed by the Debtors under section 522(d)(1) of the Bankruptcy Code.

**II.    This Court Should Deny the Improper Section 522(d)(3) Exemption, because the item sought to be exempt, the Manchester Property, is not held primarily for the personal use of the Debtors (*i..e.*, the Manchester Property is not furniture)**

34.    By the plain reading of the section 522(d)(3) of the Bankruptcy Code, the Improper Section 522(d)(3) Exemption should be disallowed.  Section 522(d)(3) of the Bankruptcy Code provides in relevant part:

> The following property may be exempted under subsection (b)(2) of this section:
>
> (3) The debtor's interest, not to exceed $600 in value in any particular item or $12,625 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

*See* 11 U.S.C. § 522(d)(3)

35.    Based on the straightforward language of the text, the Manchester Property, which is real property, is not personal property that section 522(d)(3) of the Bankruptcy Code is meant to address.

36.    Therefore, the exemption claimed by the Debtors under section 522(d)(3) of the Bankruptcy Code is improper, and should be denied

**III.   This Court Should deny the section 522(d)(5) of the Bankruptcy Code, because the Debtors appear to seek more than the allowable amount in exemptions**

37. The Debtors also appear to seek more than the allowable amount in exemptions as to the Potential Improper 522(d)(5) Exemption under section 522(d)(5) of the Bankruptcy Code.

38. Section 522(d)(5) of the Bankruptcy Code provides in relevant part:

The following property may be exempted under subsection (b)(2) of this section:

> (5) The debtor's aggregate interest in any property, not to exceed in value $1,250 plus up to $11,850 of any unused amount of the exemption provided under paragraph (1) of this subsection.

*See* 11 U.S.C. § 522(d)(5).

39. The exemption available under section 522(d)(5) of the Bankruptcy Code is commonly referred to as the "Wildcard Exemption" because "[a]ny property can be exempted under this subsection, provided that the property is part of the debtor's bankruptcy estate under Bankruptcy Code § 541." *In re Cohen*, 263 B.R. 724, 726 (Bankr. D.N.J. 2001)(citing *In re Smith*, 640 F.2d 888, 891 (7th Cir.1981).

40. Assuming the Improper Homestead Exemptions, the amount as to the Manchester Property should be reduced from $1,300 to $1,250.

41. Additionally, the Debtors should provide clarity for the exemption listed as "Disability," as to who owns the interest and does that Debtor have any unused value in section 522(d)(5) of the Bankruptcy Code and, if so, in what amount.

**IV.   Pursuant to Section 105 of the Bankruptcy Code the Equities Weigh in Favor of the Relief Sought by the Trustee**

42. Moreover, the relief sought herein is also appropriate pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code. It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the administration of bankruptcy proceedings. See *In re Official Comm. of Unsecured*

*Creditors of Cybergenics Corp.*, 330 F.3d 548, 567 (3d Cir. 2003); *Pepper v. Litton*, 308 U.S. 295, 304 (1939); *In re Carlton*, 72 B.R. 543, 547 (Bankr. E.D.N.Y. 1987) (Duberstein, Former Ch. J.). Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." See 11 U.S.C. § 105(a).

43. As courts commonly acknowledge, section 105 of the Bankruptcy Code confers broad powers on bankruptcy courts:

> "[Section] 105 [is] an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of [section] 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of its jurisdiction . . . ."

*Davis v. Davis (In re Davis)*, 170 F.3d 475, 492 (5th Cir. 1999) (internal citations and quotations omitted); *See also In re Kaiser Aluminum Corp.*, 456 F.3d 328, 340 (3d Cir. 2006). Under section 105(a) of the Bankruptcy Code, this Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473, 478 (5th Cir. 1994).

44. In the case *sub judice*, the Debtors improperly claim various exemptions pursuant to section 522 of the Bankruptcy Code.

45. In summary, the Trustee respectfully seeks the following relief:

- The Improper Homestead Exemptions should be disallowed, pursuant to section 522(d)(1) of the Bankruptcy Code.

- The Improper Section 522(d)(3) Exemption should be disallowed, pursuant to section 522(d)(3) of the Bankruptcy Code.

- The Potential Improper 522(d)(5) Exemption should be reduced to not more than total allowed under section 522(d)(5) of the Bankruptcy Code, as to the Manchester Property and the Debtor should provide additional information as to the exemption claimed as to

the interest in the "Disability" before it is allowed, pursuant to section 522(d)(5) of the Bankruptcy Code.

46. The Trustee respectfully requests the relief sought herein for the benefit of the estates' creditors so the Debtor does not exceed the proper exemption amounts under applicable sections 522(d) of the Bankruptcy Code.

47. Finally, as noted above, the Trustee and the Debtors are currently in the process of formalizing a proposed settlement that should resolve this Objection. However, any resolution would not be approved by this Court until after the deadline to timely object to the Debtors' exemptions. As such, the Trustee files this Objection to preserve the estate's rights pending an approval of a settlement between the Debtors and the Trustee.

## NOTICE

48. Notice of this Objection has been given to: (1) the United States Trustee for the District of New Jersey; (2) counsel for Debtors; (3) the Debtors; and (4) all parties that timely have requested notice in this case. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is required.

## NO PRIOR REQUEST

49. No previous motion for the relief sought herein has been made to this or to any other court.

## WAIVER OF BRIEF

50. As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-1 of filing a brief be waived.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court: disallow the Improper Homestead Exemptions in its entirety; disallow the Improper Section 522(d)(3) Exemption in its entirety; reduce and the Potential Improper 522(d)(5) Exemption as to the Manchester Property and the Debtor should provide additional information as to the exemption claimed as to the interest in the "Disability" before it is allowed, pursuant to section 522(d)(5) of the Bankruptcy Code; and that this Court grant such other and further relief as it deems just, proper, and equitable.

Respectfully submitted,

**McDonnell Crowley, LLC**
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*


By: */s/ Brian T. Crowley*_____
BRIAN T. CROWLEY

Dated: September 14, 2017

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, JOHN M. McDONNELL, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

*/s/ John M. McDonnell*
JOHN M. McDONNELL, Chapter 7 Trustee

Dated:  September 14, 2017