McDonnell Crowley, LLC
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel for John M. McDonnell,
Chapter 7 Trustee*

Order Filed on November 16, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JAMES E. KLAUSMAN and LINDA A. KLAUSMAN,<br><br>Debtors. | Case No. 17-24541 (MBK)<br><br>Honorable Michael B. Kaplan<br><br>Chapter 7 |

### STIPULATION AND CONSENT ORDER

The relief set forth on the following page, numbered two (2) through twelve (12), is hereby **ORDERED**.

**DATED: November 16, 2017**

_/s/ Michael B. Kaplan_
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtors: | James E. Klausman and Linda A. Klausman |
| Case No.: | 17-24541 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

---

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between John M. McDonnell, the chapter 7 trustee (the "Trustee"), not individually or personally, but as the Trustee for the estates of James E. Klausman and Linda A. Klausman, the chapter 7 debtors (the "Debtors" and together with the Trustee, the "Parties"), by and through his counsel, McDonnell Crowley, LLC, and the Debtors, through their counsel, Almasy Law. The Parties hereby stipulate and agree as follows:

**Procedural Background**

WHEREAS, on July 18, 2017, the Debtors filed their voluntary petition (the "Petition") for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. *See* Docket No. 1; and

WHEREAS, on July 19, 2017, John M. McDonnell was appointed as the chapter 7 trustee for the Debtors' estates, has duly qualified, and is acting in that capacity. *See* Docket No. 4; and

WHEREAS, the Debtors' 341(a) Meeting of Creditors (the "341 Meeting") was held on August 18, 2017. *See* Docket *generally*; and

**The Debtors' Disputed Exemptions**

**The Disputed Homestead Exemptions Under Section 522(d)(1)**

WHEREAS, on the Petition, the Debtors list their primary residence as 45 Alwat Street, Woodbridge, New Jersey 07095 (the "Woodbridge Property"). The Debtors also list an ownership interest in the Woodbridge Property on the original Schedule "A/B." *See* Docket No. 1; and

(Page 3)

| | |
|---|---|
| Debtors: | James E. Klausman and Linda A. Klausman |
| Case No.: | 17-24541 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

WHEREAS, no other real property is disclosed on the Debtors' original Schedule "A/B." *See* Docket No. 1; and

WHEREAS, on August 13, 2017, just days before the 341 Meeting, the Debtors filed their Amended Schedules "A/B" and disclosed their ownership interest in certain real property located at 9 B Columbus Blvd., Manchester, New Jersey 08759 (the "Manchester Property"). *See* Docket No. 12; and

WHEREAS, on August 13, 2017, the Debtors' also filed their Amended Schedule "C" to the Petition. *See* Docket No. 13; and

WHEREAS, the Trustee asserts that the Debtors claim an improper exemptions, pursuant to section 522(d)(1) of the Bankruptcy Code. On Schedule "C" of the Petition, the Debtors seek to claim the Manchester Property as exempt, pursuant to section 522(d)(1) of the Bankruptcy Code, in the amount of $47, 350 (the "Disputed Homestead Exemptions"). *See* Docket No. 13; and

WHEREAS, under questioning by the Trustee, at the 341 Meeting, the Debtors admitted the Debtors admitted, under oath, that the Manchester Property is not their primary residence and they reside at the Woodbridge Property; and

WHEREAS, the Trustee asserts that the Disputed Homestead Exemptions should be disallowed; and

**The Disputed Exemption under Section 522(d)(3)**

WHEREAS, in the Amended Schedule "C" of the Petition, the Debtors also improperly claim as exempt $1,350 in the Manchester Property, pursuant to section 522(d)(3) of the Bankruptcy Code (the "Disputed Section 522(d)(3) Exemption"). *See* Docket No. 13; and

(Page 4)

Debtors:   James E. Klausman and Linda A. Klausman
Case No.:   17-24541 (MBK)
Caption of Order:   Stipulation and Consent Order

---

WHEREAS, the Trustee asserts, section 522(d)(3) of the Bankruptcy Code is meant to exempt personal property, such as furniture, and not real property interest such as the Manchester Property; *See* Docket No. 13; and

**The Potential Excessive Wildcard Exemptions Under Section 522(d)(5)**

WHEREAS, on Amended Schedule "C" of the Petition, the Debtors seeks to claim the following as exempt, pursuant to section 522(d)(5) of the Bankruptcy Code: $1,300 in the Manchester Property and $1,200 in "Disability" (collectively defined herein as the "Potential Improper 522(d)(5) Exemptions"). *See* Docket No. 13; and

WHEREAS, the Trustee also asserts it is unclear from the Amended Schedules which Debtors hold the ownership interest in the Disability, and the $1,300 taken as to the Manchester Property is slightly higher than the allowed amounts; and

WHEREAS, on September 14, 2017, the Trustee filed his objection to certain exemptions claimed by the Debtors, specifically, the Disputed Homestead Exemptions, to certain property of the estates. *See* Docket No. 42; and

WHEREAS, in the Trustee's Objection, the Trustee sought that the Bankruptcy Court: disallow the Disputed Homestead Exemptions in its entirety; disallow the Disputed Section 522(d)(3) Exemption in its entirety; reduce and the Potential Improper 522(d)(5) Exemption as to the Manchester Property and requesting the Debtors provide additional information as to the exemption claimed as to the interest in the "Disability" before it is allowed, pursuant to section 522(d)(5) of the Bankruptcy Code. *See* Docket No. 42; and

WHEREAS, the Trustee has also asserted the estates' ownership interest in certain equity in the Manchester Property; and

(Page 5)

| | |
|---|---|
| Debtors: | James E. Klausman and Linda A. Klausman |
| Case No.: | 17-24541 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

---

WHEREAS, the Trustee and Debtors have reached a proposed agreement on the resolution of issues, specifically, the disposition of the Manchester Property and the Trustee's Objection; and

WHEREAS, following good faith negotiations, the Parties desire to settle this matter to avoid further costs of litigation on the terms set forth herein; and

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

2. This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules. In addition, any actions of the Parties to this Stipulation and Consent Order necessary to consummate the transactions contemplated by the Stipulation and Consent Order also are APPROVED.

3. This Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

4. The Debtors paid to the Trustee the sum of $15,000 (the "Settlement Funds"). The Debtors shall make the Settlement Funds by issuing a check payable to *"John M. McDonnell, Trustee for James E. Klausman and Linda A. Klausman "* and delivering it to the following address:

Case 17-24541-MBK    Doc 58    Filed 11/16/17    Entered 11/16/17 14:45:08    Desc Main
Document      Page 6 of 12

(Page 6)

Debtors:          James E. Klausman and Linda A. Klausman
Case No.:         17-24541 (MBK)
Caption of Order: Stipulation and Consent Order

---

Brian T. Crowley, Esq.
McDonnell Crowley, LLC
115 Maple Avenue
Red Bank, New Jersey 07701

5. The Debtors do hereby expressly and unconditionally waive any and all rights and/or claims to, and/or any right to claim as exempt, the Settlement Funds, any proceeds derived therefrom, pursuant to any applicable law including, but not limited to, sections 105 and 522 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4003.

6. The Trustee shall retain the Settlement Funds for the benefit of the estates' creditors. The Settlement Funds shall be deemed property of the estates.

7. The Debtors hereby expressly notes their limited financial resources and ability to fund a settlement. The Debtors further notes they have been experiencing financial issues and problems paying creditors for at least the four (4) years prior to the Petition Date. The Debtors noted their current state of financial resources is not projected to change substantively for at least the next few years.

8. The Debtors do hereby warrant and represent that they have not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that the Debtors have, had or may have against, the estates, the Trustee, the Trustee's professionals, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or whether based on common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person.

(Page 7)

Debtors: James E. Klausman and Linda A. Klausman
Case No.: 17-24541 (MBK)
Caption of Order: Stipulation and Consent Order

---

9. The Debtors hereby unconditionally and absolutely withdraw, dismiss, release, waive, and forever discharge with prejudice, any scheduled claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the estates, the Settlement Funds, the Trustee, the Trustee's professionals, *including, but not limited to*, any claims arising under Bankruptcy Rule 9011, Rule 11 of the Federal Rules of Civil Procedure, and any claim that they are or may be entitled to under section 502 of the Bankruptcy Code and any and all such claims are hereby permanently, disallowed and irrevocably expunged. The Debtors further waive any and all objections to the fee applications of the Trustee and/or Trustee's professionals. The Debtors represent and warrant that they will not directly or indirectly, encourage any individual and/or entity to assert any claim against the Trustee, the Trustee's professionals, and/or the estates The Debtors agree that this Stipulation and Consent Order shall be construed as a covenant not to sue, institute, or instigate (or cause, facilitate, or encourage the commencement of) any lawsuit (whether in law or at equity), administrative, regulatory, or self-regulatory investigation or proceeding, or any other action relating to any conduct by the estates, the Trustee, and/or the Trustee's professionals.

10. Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order, and the performance of all obligations under this Stipulation and Consent Order by the Debtors, the Trustee, in his capacity as the Trustee of the Debtors' bankruptcy estates, hereby releases and forever discharges, the Debtors, from any and all claims, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, whether known or unknown, that the Trustee, the Debtors' bankruptcy estates ever had or now have, or may claim

(Page 8)

| | |
|---|---|
| Debtors: | James E. Klausman and Linda A. Klausman |
| Case No.: | 17-24541 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

to have at the present time, against the Debtors as it related to the Trustee's Objection and the Manchester Property. Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this Stipulation and Consent Order.

11. To the extent any transfer of interest by the estates in the Manchester Property are considered a transfer of interest, property or otherwise to the Debtors, such transfers by the Trustee are essentially "as is, where is", with the Trustee making no warranties and/or representations of any kind as to the Manchester Property. The Debtors also takes any such interest in the Manchester Property, subject to all valid liens, claims, interests, and encumbrances.

12. The Debtors notes their continuing obligation to cooperate with the Trustee and his professionals.

13. Upon entry of an order by Bankruptcy Court approving this Stipulation and Consent Order, the payment of the Settlement Funds and the clearing of all funds related to the same, the Trustee, in his capacity as the Trustee of the Debtors' bankruptcy estates, for true consideration as noted herein, hereby abandons back all the estates' rights, titles, ownership, and interests in the Estates' Property Interests.

14. *This Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estates may have against the Debtors and/or third parties, expect, as noted herein, this Stipulation and Consent Order is meant to resolve any claims the estate has against the Debtors as it relates to the Manchester Property.*

15. It is understood that this Stipulation and Consent Order embodies a compromise of various disputed claims, and it is not to be construed, and is not intended, as an admission or

Case 17-24541-MBK    Doc 58    Filed 11/16/17    Entered 11/16/17 14:45:08    Desc Main
Document    Page 9 of 12

(Page 9)

| | |
|---|---|
| Debtors: | James E. Klausman and Linda A. Klausman |
| Case No.: | 17-24541 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claim or cause of action by either party. In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

16. Each party agrees that they shall bear their own costs and fees as it relates in any way to this Stipulation and Consent Order, the Trustee's Objection, and/or the disputes settled by this Stipulation and Consent Order.

17. This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

18. The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

19. No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

20. The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order,

(Page 10)

Debtors: James E. Klausman and Linda A. Klausman
Case No.: 17-24541 (MBK)
Caption of Order: Stipulation and Consent Order

---

which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

21. This Stipulation and Consent Order constitutes the entire agreement between the Parties, and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document.

22. This Stipulation and Consent Order was drafted by all the Parties, and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

23. This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

24. The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent.

25. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts. Rather, the Parties to this Stipulation and Consent Order relied upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Stipulation and Consent Order.

(Page 11)

| | |
|---|---|
| Debtors: | James E. Klausman and Linda A. Klausman |
| Case No.: | 17-24541 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

---

26. The Debtors acknowledge that their attorney has advised him of the legal import and consequences of this Stipulation and Consent Order.

27. This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

28. A facsimile and/or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes. In the event that a suit or proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile signatures and/or PDF signatures.

*[The Remainder Of This Page Has Been Intentionally Left Blank]*

(Page 12)

| | |
|---|---|
| Debtors: | James E. Klausman and Linda A. Klausman |
| Case No.: | 17-24541 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

---

29. The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

**IN WITNESS WHEREOF**, each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

**AGREED AND STIPULATED:**

McDONNELL CROWLEY, LLC
*Counsel to John M. McDonnell, not individually or personally, but as Chapter 7 Trustee for James E. Klausman and Linda A. Klausman*

By: _____

Name: BRIAN T. CROWLEY

Date: _____

**JAMES E. KLAUSMAN**
*The Debtor*

By: /s/ James E. Klausman

Name: JAMES E. KLAUSMAN

Date: 10/3/17

ALMASY LAW
*Counsel for Debtors, James E. Klausman and Linda A. Klausman*

By: /s/ James Michael Almasy

Name: JAMES MICHAEL ALMASY

Date: 10/3/17

**LINDA A. KLAUSMAN**
*The Debtor*

By: /s/ Linda A. Klausman

Name: LINDA A. KLAUSMAN

Date: 10/3/17